UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONNIE SMITH,

               Plaintiff,

-against-

NEW YORK CHILD SUPPORT PROCESS CENTER, TAX OFFSET UNIT; THRIFT SAVINGS PLAN,

               Defendants.

19-CV-9266 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants are willfully depriving him of his civil rights by unlawfully garnishing his federal pension. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons discussed below, the Court dismisses Plaintiff's complaint for failure to state a claim and denies Plaintiff's request for preliminary injunctive relief.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Ronnie Smith, a former federal employee, brings this civil action challenging the garnishment of his Thrift Savings Plan (TSP) retirement account for unpaid child support. Plaintiff filed a complaint (ECF No. 2), a motion for a temporary restraining order and preliminary injunction (ECF No. 3), an unsigned order to show cause (ECF No. 4), and a memorandum of law (ECF No 5) and affidavit (ECF No. 6) in support of his motion for

emergency relief. Plaintiff asserts that his TSP is "protected exempt income" and that it should not be garnished. (ECF No. 6 at 2.)[1]

Plaintiff notes that he is currently challenging, in state court, the lawfulness of the garnishment of his TSP account. He alleges that he filed for a modification of the child support order, but his request was denied because he failed to appear on the return date, "due to circumstances beyond his control." (ECF No. 2 at 5.) Plaintiff appealed that denial to the New York State Appellate Division, First Department, and his appeal is pending. (*Id.*)

Plaintiff demands that this Court issue a mandatory injunction and declaration restraining Defendants from unlawful garnishment of his TSP account. (*Id.* at 6.) He also seeks to have this Court declare that garnishment in the amount of $8,987.43 is prohibited until Plaintiff has exhausted his state court remedies. (*Id.* at 7.) Finally, Plaintiff seeks a determination from this Court that his TSP account is protected, exempt income. (*Id.*)

## DISCUSSION

**A.      Full Name of Minor Child**

It appears that the full name of a minor is noted in several of the documents attached to Plaintiff's memorandum of law in support of his request for preliminary injunctive relief. (ECF No. 5). Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any references to a minor in court submissions must be made by referring only to the minor's initials.

Because of Plaintiff's failure to comply with this rule, the Clerk of Court is directed to limit access to ECF No. 5 on the Court's CM/ECF database to a "case participant only" basis. Plaintiff must comply with Rule 5.2(a)(3) when submitting any documents in the future.

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

**B.	Due Process Claim**

Plaintiff asserts that Defendants willfully violated his due process rights by unlawfully garnishing his federal pension.

**1.	Procedural Due Process**

The Due Process Clause only protects "against deprivations without due process of law." *Rivera–Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (quoting *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera–Powell*, 470 F.3d at 466 (citing *Mathews v. Eldridge*, 424 U.S. 319, 355 (1976)).

Generally, some kind of predeprivation process must be provided before liberty or property rights are infringed upon. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate postdeprivation remedy); *Rivera–Powell*, 470 F.3d at 465 (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy").

4

In New York, a child support debtor is entitled to the post-judgment remedies outlined in Section 52 of the New York Civil Practice Law and Rules (CPLR).[2] For example, when a support collection unit (SCU) issues an execution for enforcement of current support or arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and "shall have an opportunity to make a submission in support of the objection within fifteen days from service of a copy" of the execution. *See* N.Y. C.P.L.R. § 5241(a)(8) & (e). The appropriate agency rules on the objection and "notif[ies] the debtor of its determination within 45 days." N.Y. C.P.L.R. § 5241(e). If the agency does not agree with the debtor's objection, the debtor may file an Article 78 proceeding in state court to have the state court review the agency's determination. *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (2d Dep't 2012) (noting that applicant for relief should commence an Article 78 proceeding after exhausting his remedies before the SCU).

Here, Plaintiff proclaims that his due process rights have been violated. Even if the Court assumes that Plaintiff's property was seized without notice or opportunity to challenge the seizure before it occurred, those facts alone do not give rise to a due process claim. State law, specifically, Section 52 of the CPLR, provides for due process to child support debtors facing seizure or garnishment. If a city or state employee or agency failed to comply with state law, such an omission would constitute a random and unauthorized deprivation of property, but that deprivation does not constitute a procedural due process violation as long as the state provides an adequate postdeprivation remedy.

---

[2] The city, state, and federal statutory and regulatory scheme governing child support enforcement is discussed in *O'Brien v. Hansell*, No. 09-CV-629, 2010 WL 1371366, at *4-*7 (E.D.N.Y. Mar. 31, 2010).

It is unclear whether Plaintiff has availed himself of the remedies available under state law to child support debtors. But the fact that those remedies were available to him defeats his due process claim. *See Rivera–Powell*, 470 F.3d at 465. Plaintiff therefore fails to plausibly allege a violation of his right to procedural due process.

### 2. Substantive Due Process

Plaintiff's allegations may also be read as raising a substantive due process claim. Substantive due process "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Interport Pilots Agency Inc. v. Sammis*, 14 F.3d 133, 144 (2d Cir. 1994) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Substantive due process rights are violated only when the government has engaged in conduct so egregious it "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172 (1952). The Supreme Court has "been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). Conduct that is merely incorrect or ill-advised does not meet this high standard. *See Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994).

There is nothing in the complaint that rises to the level of "shocking the conscience." *See, e.g.*, *Weinstein v. Albright*, No. 00-CV-1193 (JGK), 2000 WL 1154310, at *5 (S.D.N.Y. 2000) (rejecting substantive due process challenge to federal law authorizing the denial or revocation of a passport to an individual who owes child support arrears exceeding $5,000), *aff'd*, 261 F.3d 127, 142-43 (2d. Cir. 2001). Instead, Plaintiff appears to disagree with the fact that he has been ordered to pay child support and the amount of child support that he has been ordered to pay. Plaintiff therefore fails to plausibly allege a violation of his substantive due process rights.

### C. Garnishment of TSP Account

Plaintiff asserts that, under the Employment Retirement Income Security Act (ERISA), his TSP account is exempt, protected income that cannot be garnished. *See* 5 U.S.C. § 8437(e)(1). In most circumstances, funds held in a federal TSP account are statutorily protected against assignment or attachment. There are, however, exceptions to these protections, and an obligation to pay child support is one of them.

Under the TSP statute, TSP account balances are subject to legal process for the enforcement of the account holder's legal obligation to pay child support, as provided in the Social Security Act, 42 U.S.C. § 659. *See* 5 U.S.C. § 8437(e)(3); *see also Rasooly v. Long*, No. 3:15-CV-4540 (JD), 2017 WL 6539650, * 1 (N.D. Ca. Dec. 21, 2017) (holding that TSP balances may be garnished for enforcement of child support obligations).

The Social Security Act provides that:

> Neither the United States . . . nor any disbursing officer shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section.

42 U.S.C. § 659(f)(1).

Defendants therefore cannot be held liable for any payments from Plaintiff's TSP account, made pursuant to legal process, to pay his child support obligation.[3]

---

[3] A publication of the federal TSP entitled, "Court Orders and Power of Attorney," last printed in September 2014, and available online at https://www.tsp.gov/forms/allPublications.html, explains the actions the TSP must take if a court order is received and how court orders affect a participant's account. This publication advises participants that a TSP account can be garnished for a participant's alimony or child support debt and details the legal process required, as outlined in 5 C.F.R. Section 1653 Subpart B, before a TSP account can be garnished.

Plaintiff attaches to his memorandum of law a September 13, 2019 letter from the TSP, notifying Plaintiff of the garnishment and advising him that the child support enforcement execution and notice "was evaluated according to the requirements found at 5 U.S.C. § 8437(e) and the regulations at 5 C.F.R. Section 1653 Subpart B." (ECF No. 5 at 10.) Because the relevant statutes explicitly state that TSP accounts are subject to legal process to enforce the account holder's obligation to pay child support and because the legal process required to garnish Plaintiff's TSP account appears to have been followed prior to the garnishment, Plaintiff's claim that Defendants unlawfully garnished his TSP account must be dismissed.

D.     **Request for Preliminary Injunctive Relief**

Plaintiff has filed a motion requesting preliminary injunctive relief. (ECF No. 3.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff fails to state a claim for relief. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause is denied.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's request for preliminary injunctive relief (ECF No. 3) is denied.

Plaintiff's request for counsel (ECF No. 7) is denied as moot.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 25, 2019
   New York, New York

                         COLLEEN McMAHON
                         Chief United States District Judge